UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ELIZABETH P. CHEN

    Plaintiff,

v.

INTEGRITY FINANCIAL PARTNERS, INC.,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, ELIZABETH P. CHEN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, INTEGRITY FINANCIAL PARTNERS, INC., is a corporation and citizen of the State of Kansas with its principal place of business at Suite 100 East, 4370 West 109th Street, Overland Park, Kansas 66211.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following message on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

April 6, 2010 at 5:16
Hi, this is Bethany. You need to return my phone call as soon as possible, please. My phone number is 866-951-2352. It's important this call is returned today. Again, my phone number is 866-951-2352. Thank you so much.

April 9, 2010 at 4:58 PM
Hi, this is Stephanie. You need to return my phone call as soon as possible, please. My phone number is 866-951-2352. It's important this call is

returned today. Again, my phone number is 866-951-2352. Thank you so much.

July 8, 2010 at 2:09 PM – Pre-recorded Messages
Hello, this is a message for Elizabeth P. Chen. If you are not, Elizabeth P. Chen, please hang up or disconnect. If you are Elizabeth P. Chen, please continue to listen to this message. There will now be a three-second pause in this message to allow you to listen in private. By continuing to listen to this message, you acknowledge that you are Elizabeth P. Chen. Elizabeth P. Chen, you should not listen to this message so that other people can hear it as it contains personal and private information. This is Mr. Sarber from the Integrity Financial Partners. This call is regarding the personal business matter. Please call us back at 866-951-2356. This is communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you.

July 11, 2010 at 12:13 PM – Pre-recorded Messages
Hello, this is a message for Elizabeth P. Chen. If you are not, Elizabeth P. Chen, please hang up or disconnect. If you are Elizabeth P. Chen, please continue to listen to this message. There will now be a three-second pause in this message to allow you to listen in private. By continuing to listen to this message, you acknowledge that you are Elizabeth P. Chen. Elizabeth P. Chen, you should not listen to this message so that other people can hear it as it contains personal and private information. This is Mr. Sarber from the Integrity Financial Partners. This call is regarding the personal business matter. Please call us back at 866-951-2349. This is communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you.

11. Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19.    Plaintiff incorporates Paragraphs 1 through 16.

20.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21.    Plaintiff incorporates Paragraphs 1 through 16.

22.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. a declaration that Defendant's calls violate the TCPA;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>
> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658